UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AUBREY LEE CHRISTIAN,

    Plaintiff,    Case No. 1:12-cv-81

v.    Honorable Paul L. Maloney

ASTRAZENECA LP et al.,

    **ORDER OF TRANSFER**

    Defendants.
_____/

    This is a civil rights action brought by a state prisoner. On January 3, 2012, the United States District Court for the Western District of Florida transferred Plaintiff's action to the Western District of Michigan. This Court has since granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available.

    Plaintiff presently is incarcerated at the Lakeland Correctional Facility but complains of events that occurred at the Gus Harrison Correctional Facility. In his *pro se* amended complaint (docket #18), Plaintiff sues Astrazeneca LP, Doctor Sandra Vonderembse and the Michigan Department of Corrections (MDOC) - Health Services Division. Plaintiff alleges that he was injured from taking the prescription drug Seroquel. Seroquel was produced by Astrazeneca LP and prescribed to Plaintiff by Doctor Vonderembse. Plaintiff claims that Defendants Vonderembse and the MDOC - Health Services Division failed to warn Plaintiff of Seroquel's negative side effects. For relief, Plaintiff requests two million dollars.

Plaintiff purports to bring his action based on diversity of citizenship, 28 U.S.C. § 1332.[1] Under the revised venue statute, venue in diversity-of-citizenship cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a), (b). In his original complaint (docket #1), Plaintiff did not specify where a substantial part of the events arising from his complaint occurred. To determine proper venue, the district court ordered Plaintiff to show cause. In his answer (docket #8), Plaintiff, once again, did not provide the district court with any information concerning the events of his action. The district court found Plaintiff was housed at the Lakeland Correctional Facility in Branch County, which is located in the geographical boundaries of the Western District of Michigan. Without any allegations to determine proper venue, the United States District Court of the Western District of Florida transferred Plaintiff's case to the Western District of Michigan, as follows:

> The drug Seroquel has previously been the subject of multidistrict litigation in this Court and such cases were transferred by the Judicial Panel on Multidistrict Litigation from other federal courts to this Court **after** they were filed in a court with proper venue:
>
>> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers [for] such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.
>
> 28 U.S.C. § 1407.

(Report & Recommendation, docket #2, Page ID#26) (emphasis in original).

---

[1] Section 1332 grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $75,000.00 and the case is between citizens of different states or between citizens of a state and foreign nationals or sovereigns. *See* 28 U.S.C. § 1332.

On February 13, 2012, Plaintiff filed an amended complaint in this Court. Plaintiff added Defendants Sandra Vonderembse and MDOC - Health Services to his action and clarified that his complaint arose from events at the Gus Harrison Correctional Facility. The Gus Harrison Correctional Facility is located in Wayne County. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). Wayne County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Because the action arose in the Eastern District of Michigan, venue is proper in the Eastern District for the convenience of the parties. Accordingly, this Court is transferring Plaintiff's action to the Eastern District of Michigan. Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not reviewed Plaintiff's action under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated:  March 8, 2012            /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge